■ ANDREA MANGO et al., Respondents, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER, Defendant, and MARVIN S. HANS et al., Appellants.—In a medical malpractice action, the defendants Marvin Stanley Hans and Allen B. Warshowsky appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Pantano, J.), dated May 14, 1985, which denied the defendant Warshowsky's motion for summary judgment dismissing the plaintiffs' complaint as against him, and granted that branch of the plaintiffs' cross motion which sought summary judgment on the issue of liability as against the defendant Hans, directed a trial on the issue of damages as to the claims against the defendant Hans, and severed the action as against the defendant Hans.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the defendant Warshowsky's motion which sought dismissal of the second and third causes of action of the plaintiffs' complaint as against him, and which granted that branch of the plaintiffs' cross motion which sought summary judgment on the issue of liability in their favor as against the defendant Hans, directed a trial on the issue of damages as to the claims against the defendant Hans, and severed the action as against the defendant Hans, and substituting therefor provisions granting those branches of the defendant Warshowsky's motion which sought dismissal of the second and third causes of action of the complaint as against him, and denying that branch of the plaintiffs' cross motion which sought summary judgment on the issue of liability as against the defendant Hans, without prejudice to renewal of that branch of the cross motion upon proper papers, if the plaintiffs be so advised. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As the Court of Appeals has noted, "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * * Failure to make such showing requires denial of the motion, regardless of the sufficiency of the

opposing papers" *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853).

The parties herein disagree on the basic facts regarding the plaintiff Laurie Mango's condition in this hospital where she was seen and treated by the defendant, Dr. Allen Warshowsky. The existence of this factual dispute precludes granting summary judgment in favor of the defendant Warshowsky with regard to the first and fourth causes of action asserted in the plaintiffs' complaint which relate to his treatment of the plaintiff Laurie Mango. However, those branches of the defendant Warshowsky's motion which sought dismissal of the second and third causes of action asserted in the plaintiffs' complaint which relate to the treatment of the plaintiffs' infant daughter, Andrea Mango, should have been granted since no evidence was presented that the defendant Warshowsky had treated the infant.

Further, Special Term erred in granting that branch of the plaintiffs' cross motion which sought summary judgment on the issue of liability in their favor as against the defendant Dr. Marvin Stanley Hans, a nonmoving party. A cross motion is an improper vehicle for seeking affirmative relief from a nonmoving party *(see,* CPLR 2215). In addition, the defendant Hans was not given proper notice of the cross motion and has not had an opportunity to be heard on the issues raised on the cross motion. Accordingly, that branch of the plaintiffs' cross motion which sought summary judgment on the issue of liability in their favor as against the defendant Hans should have been denied, without prejudice to renewal upon proper papers, if the plaintiffs be so advised. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.