■ ELIE NAIM et al., Respondents, v SCHWARTZ BROTHERS MEMORIAL CHAPELS, INC., Doing Business as SCHWARTZ BROTHERS-JEFFER MEMORIAL CHAPELS, et al., Appellants. [648 NYS2d 136] —In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), entered October 31, 1995, which denied their motion, inter alia, to

preclude the plaintiffs from giving any evidence at the trial of items the plaintiffs failed to particularize, and (2) an order of the same court, entered January 22, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order entered January 22, 1996, is reversed, on the law, the defendants' motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the appeal from the order entered October 31, 1995, is dismissed as academic in light of our determination of the appeal from the order entered January 22, 1996; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiffs brought this action after the plaintiff Elie Naim was injured when he fell over a concrete divider. The divider, which was broken at one end, was located directly outside the doorway to his apartment. The plaintiffs contended that the defendants were negligent in that the divider constituted a dangerous condition. After issue was joined and discovery conducted, the defendants moved for summary judgment. The Supreme Court denied the motion, holding, *inter alia,* that there were issues of fact which precluded such relief. We reverse.

The plaintiffs failed to establish the existence of a dangerous condition. The concrete divider was clearly visible and presented no unreasonable risk of harm. Therefore, as a matter of law, the defendants were not negligent and summary judgment should have been granted *(see, e.g., Gross v Lewis,* 5 NY2d 884; *Pilato v Diamond,* 209 AD2d 393; *Koppel v Hebrew Academy,* 191 AD2d 415). Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.