■ THOMAS VOLPE, Appellant, v JAMES CANFIELD et al., Respondents, et al., Defendant. [654 NYS2d 160] —In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lisa, J.), dated March 29, 1996, which, *inter alia*, dismissed the complaint insofar as asserted against the defendants James Canfield and Christopher Wittstruck.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff in this legal malpractice action, Thomas Volpe, is a licensed real estate broker who was engaged by the executor of an estate to sell certain real property. He retained the defendant James Canfield, an attorney, in connection with that transaction. Volpe purchased the property from the estate, receiving a commission for his services, then, in a simultaneous transaction, resold it for a profit. The executor of the estate brought an action against Volpe, who continued to be represented by Canfield. During the pendency of that action, Volpe terminated Canfield's representation and retained another attorney, the defendant Michael A. Cervini. Cervini obtained repeated adjournments in the executor's action against Volpe, but when he failed to appear for a final trial date, the court held an inquest following which a default judgment was entered against Volpe.

Volpe then commenced this action against Canfield and Cervini to recover damages for legal malpractice. He additionally sought damages against the defendant Christopher Wittstruck, claiming that Wittstruck was also involved in his representation, a claim which both Cervini and Wittstruck denied. Canfield moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that

Volpe had not made out a prima facie case of legal malpractice, and Wittstruck separately moved for dismissal on the ground that he never had an attorney-client relationship with Volpe. The court granted both the motions, and Volpe appeals.

To recover damages for legal malpractice, the plaintiff must prove not only that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community (*Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511), but also that the attorney's negligence was a proximate cause of the loss sustained, that the plaintiff incurred damages as a direct result of the attorney's actions, and that the plaintiff would have been successful in the underlying action had the attorney exercised due care (*see, Luniewski v Zeitlin*, 188 AD2d 642). Here, the proximate cause of Volpe's loss was the default which occurred in 1990 after Canfield had been discharged. Moreover, since the underlying issue of the propriety of the transactions was never litigated, Canfield cannot be found liable for Volpe's loss (*see, Andrews Beverage Distrib. v Stern*, 215 AD2d 706). The plaintiff's challenge to the sufficiency of Canfield's moving papers on the ground that he did not submit a personal affidavit is meritless, as it is well settled that a proper evidentiary showing may be made in a motion for summary judgment by the submission of an attorney's affirmation supported by transcripts of sworn deposition testimony (*see, Gaeta v New York News*, 62 NY2d 340, 350; *Ayala v V & O Press Co.*, 126 AD2d 229, 232). Accordingly, Canfield was entitled to summary judgment dismissing the complaint insofar as asserted against him.

Summary judgment in favor of Wittstruck was also properly granted. There was no evidence of an attorney-client relationship between Wittstruck and Volpe. A plaintiff's unilateral belief does not confer upon him the status of client (*see, Jane St. Co. v Rosenberg & Estis*, 192 AD2d 451). Rather, to establish an attorney-client relationship there must be an explicit undertaking to perform a specific task (*see, Sucese v Kirsch*, 199 AD2d 718, 719). The plaintiff claims that Wittstruck's separate motion for summary judgment dismissing the complaint insofar as asserted against him was procedurally defective because it was brought as though it were a cross motion, an improper vehicle for seeking affirmative relief from a nonmoving party (*see, Mango v Long Is. Jewish-Hillside Med. Ctr.*, 123 AD2d 843, 844). Such a technical defect may be disregarded where, as here, there is no prejudice, and the plaintiff had ample opportunity to be heard on the merits of the relief sought (*see, CPLR 2001*).

The plaintiff's remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.