■ Margaret Sneeden, Appellant, v North Shore University Hospital at Plainview, Respondent. [701 NYS2d 662] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), entered November 2, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In this slip and fall case, the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing that it did not create the condition that caused the accident and that it had no actual or constructive notice of the condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836). Indeed, the plaintiff herself walked down the corridor at issue only five minutes before her accident without incident. Thus, the Supreme Court properly granted the defendant summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit (*see,* CPLR 2001; *Volpe v Canfield,* 237 AD2d 282). Joy, J. P., Altman, Goldstein and Schmidt, JJ., concur.

■ Eric Staffin et al., Appellants, v Scarsdale Manor Owners, Inc., et al., Respondents. [701 NYS2d 662] —In an action, *inter alia,* to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered March 1, 1999, which granted the separate motions of the defendant Scarsdale Manor Owners, Inc., and Barhite and Holzinger, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The defendants established their entitlement to summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs' unsubstantiated allegations of negligence were insufficient to defeat the motion for summary judgment (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.