■ DOLORES KLEEBERG et al., Respondents, v CITY OF NEW YORK, Respondent, et al., Defendants, and ACME SKILLMAN CONCRETE CO., INC., et al., Appellants. [759 NYS2d 760] —In an action to recover damages for personal injuries, etc., the defendant Acme Skillman Concrete Co., Inc., appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 11, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Acme Skillman Construction Co., Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The injured plaintiff, Dolores Kleeberg, and her husband commenced this action to recover damages, inter alia, for personal injuries allegedly sustained by Kleeberg when she tripped and fell on the curb in front of 36-01 Broadway in Astoria, Queens County. Named as defendants were, among others, the appellants Acme Skillman Concrete Co., Inc. (hereinafter Acme Concrete), and Acme Skillman Construction Co., Inc. (hereinafter Acme Construction), which the plaintiffs alleged had performed work on the sidewalk and curb outside the location where the injured plaintiff fell. Acme Concrete and Acme Construction separately moved and cross-moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that they had not performed any work at the subject address. The Supreme Court denied their motions.

The Supreme Court erred in denying Acme Concrete's motion for summary judgment, as Acme Concrete demonstrated that it did not perform any work on the sidewalk in front of the premises where the plaintiff fell (see Tsviling v City of New York, 275 AD2d 367, 368 [2000]; Aversano v City of New York, 265 AD2d 437, 438 [1999]). In opposition to Acme Concrete's motion, neither the plaintiffs nor the defendant City of New York raised a triable issue of fact on this issue.

Similarly, the Supreme Court erred in denying Acme

Construction's cross motion for summary judgment. Although a contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.,* 301 NY 202 [1950]; *Levine v Zarabi,* 243 AD2d 448 [1997]; *Giordano v Seeyle, Stevenson & Knight,* 216 AD2d 439, 440 [1995]; *Gurriell v Town of Huntington,* 129 AD2d 768, 770 [1987]), it would be mere speculation to conclude that the allegedly dangerous condition which caused the plaintiff to trip and fall was caused by any affirmative act of negligence by Acme Construction (*see Humphreys v Veneziano,* 268 AD2d 461, 462 [2000]; *Peters v City of Kingston,* 199 AD2d 809, 810 [1993]).

We also note that, although Acme Construction improperly labeled its motion for summary judgment as a cross motion, since "[a] cross motion is an improper vehicle for seeking affirmative relief from a nonmoving party (*see,* CPLR 2215)" (*Mango v Long Is. Jewish-Hillside Med. Ctr.,* 123 AD2d 843, 844 [1986]), the Supreme Court properly considered the merits of its motion. "Such a technical defect may be disregarded where, as here, there is no prejudice, and [the opposing party] had ample opportunity to be heard on the merits of the relief sought" (*Volpe v Canfield,* 237 AD2d 282, 283 [1997]). Florio, J.P., H. Miller, Adams and Rivera, JJ., concur.