JOSEPHINE E. SHEEHAN et al., Respondents, v ALEXANDRA MARSHALL, Appellant. (Action No. 1.) WILLIAM E. SHEEHAN et al., Plaintiffs, v ALEXANDRA MARSHALL, Defendant. (Action No. 2.) [780 NYS2d 34]—

In two related actions to recover damages for personal injuries, etc., which were joined for trial, the defendant in Action No. 1 appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated November 26, 2003, which granted the motion of the plaintiff William E. Sheehan in Action No. 1 for summary judgment dismissing her counterclaims for contri-

bution and common-law indemnification against him, and granted the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff driver, William E. Sheehan, demonstrated his prima facie entitlement to summary judgment dismissing the counterclaims of the defendant in Action No. 1 (hereinafter the defendant) for contribution and common-law indemnification asserted against him by demonstrating that the defendant was negligent as a matter of law by driving through a red light and failing to yield the right-of-way to his vehicle (*see White v Clyburn*, 284 AD2d 328 [2001]; *King v Dalton*, 267 AD2d 208, 209 [1999]; *Guerriero v Timberlake*, 254 AD2d 393 [1998]). The defendant failed to raise a triable issue of fact to defeat the motion. Thus, the Supreme Court properly granted the motion of the plaintiff William E. Sheehan in Action No. 1 for summary judgment dismissing the counterclaims.

Although the cross motion of the plaintiffs in Action No. 1 (hereinafter the plaintiffs) for summary judgment on the issue of liability was "an improper vehicle for seeking affirmative relief from a nonmoving party" (*Mango v Long Is. Jewish-Hillside Med. Ctr.*, 123 AD2d 843, 844 [1986]) and was not made on timely notice to the defendant (*see* CPLR 2214 [b]), the Supreme Court did not err in considering the cross motion since the defendant was not prejudiced and had an opportunity to be heard on the merits (*see Kleeberg v City of New York*, 305 AD2d 549, 550 [2003]; *Volpe v Canfield*, 237 AD2d 282, 283 [1997]).

Inasmuch as the plaintiffs made a prima facie showing on their cross motion that the defendant failed to observe the traffic light and failed to yield the right-of-way to the plaintiff driver's vehicle, and the defendant did not raise a triable issue of fact, the Supreme Court properly granted the plaintiffs summary judgment on the issue of liability (*see White v Clyburn, supra; King v Dalton, supra; Guerriero v Timberlake, supra*).

The issue of whether the plaintiffs sustained serious injuries pursuant to Insurance Law § 5102 (d) was not litigated before the Supreme Court, and remains to be determined during the damages trial (*see Zecca v Riccardelli*, 293 AD2d 31 [2002]). H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.