■ Arley Gonzalez et al., Respondents, v Zam Apartment Corp. et al., Defendants, and LTD Management Corp., et al., Appellants. [782 NYS2d 922]—

In an action to recover damages for personal injuries, etc., the defendants LTD Management Corp. and Stanley R. Waxman, as receiver, separately appeal (1) from stated portions of an order of the Supreme Court, Queens County (Schmidt, J.), dated September 4, 2002, and (2) from an order of the same court, dated May 23, 2003, which amended the prior order.

Ordered that the appeals by the defendant LTD Management Corp. are dismissed; and it is further,

Ordered that the appeal by Stanley R. Waxman, as receiver, from the order dated May 23, 2003, is dismissed; and it is further,

Ordered that the order dated September 4, 2002, is affirmed insofar as appealed from by Stanley R. Waxman, as receiver; and it is further,

Ordered that one bill of costs is awarded to the respondents.

LTD Management Corp. (hereinafter LTD) did not file a timely notice of appeal from the order dated September 4, 2002 (*see* CPLR 5513 [a]). Thus, we dismiss LTD's appeal from that order. LTD filed a timely notice of appeal from the order dated May 23, 2003, which amended the order dated September 4, 2002. However, since the amended portion of the order is not at issue on the appeal, we also dismiss LTD's appeal from the order dated May 23, 2003.

The appeal by the defendant Stanley R. Waxman, as receiver

(hereinafter Waxman), from the order dated May 23, 2003, also must be dismissed as Waxman is not aggrieved by that order (*see* CPLR 5511).

By stipulation of all parties dated April 17, 2001, the time to make summary judgment motions was extended until July 17, 2001. However, Waxman's cross motion for summary judgment dismissing the action insofar as asserted against him alleging that he failed to maintain the property where the accident occurred, was served on or after August 8, 2001. The original motion did not seek any relief from Waxman, and there was no reason for him to delay and utilize a cross motion. The Court of Appeals has recently noted that " 'good cause' in CPLR 3212 (a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy . . . No excuse at all, or a perfunctory excuse, cannot be 'good cause.' " (*Brill v City of New York,* 2 NY3d 648, 652 [2004].) As no excuse whatsoever was proffered by Waxman for the late filing, his cross motion for summary judgment was properly denied.

Waxman's remaining contentions are without merit.

We note that no notice of appeal was filed on behalf of the defendant Leonard T. D'Amico. Smith, J.P., Adams, Crane and Lifson, JJ., concur.