■ FIRST UNION AUTO FINANCE, INC., Respondent, v JOSEPH DONAT, Appellant, and RAMP CHEVROLET, INC., Respondent. [791 NYS2d 596]—

In an action, inter alia, to recover sums allegedly due under an automobile lease, the defendant Joseph Donat appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 24, 2004, as

granted the plaintiff's motion for summary judgment against him and the cross motion of the defendant Ramp Chevrolet, Inc., for summary judgment dismissing his cross claim against it, (2) from an order of the same court dated August 5, 2003, which sua sponte transferred the matter to the Supreme Court calendar from the Civil Court of the City of New York, and (3) from an order of the same court dated August 12, 2003, which also sua sponte transferred the matter to the Supreme Court calendar from the Civil Court of the City of New York.

Ordered that the appeals from the orders dated August 5, 2003, and August 12, 2003, respectively, are dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice and leave to appeal has not been granted (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that the order dated February 24, 2004, is reversed insofar as appealed from, on the law, and the motion and cross motion are denied; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The Supreme Court's order, which was issued before the ruling of the Court of Appeals in *Brill v City of New York* (2 NY3d 648 [2004]), erroneously granted the motion and the cross motion. It is uncontroverted that the plaintiff's motion, and the cross motion of the defendant Ramp Chevrolet, Inc. (hereinafter Chevrolet), were made more than 60 days after the note of issue was filed. Since it is also uncontroverted by the plaintiff and Chevrolet that rule 13 of the Uniform Civil Trial Rules of the Supreme Court, Kings County, provides that summary judgment motions must be made within 60 days of the filing of the note of issue, in this case, pursuant to CPLR 3212 (a), the merits of the motion should not have been considered unless good cause was shown for the delay.

Neither the plaintiff nor Chevrolet even alleged, let alone showed, the existence of such good cause. Furthermore, contrary to the respondents' contentions, good cause for the delay was not shown by the granting of Chevrolet's prior motion to vacate the note of issue to the extent of directing the plaintiff to appear for an examination before trial on or before February 13, 2004. The relief granted therein was irrelevant to, and not relied upon by, the plaintiff or Chevrolet as part of their respective motion and cross motion (*cf. Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 128-129 [2000]). Since no good cause for the delay was shown, the Supreme Court erred in considering the motion and cross motion on the merits (*see Brill v City of New York*, 2 NY3d 648 [2004]; *see also Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Gonzalez v Zam Apt. Corp.*, 11 AD3d 657 [2004]).

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., Santucci, Krausman and Rivera, JJ., concur.