■ ANN MARIE GAINES, Appellant, v SHELL-MAR FOODS, INC., et al., Respondents, et al., Defendant. [801 NYS2d 376]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (LeVine, J.), entered September 24, 2003, as, upon an order of the same court dated July 8, 2003, granting, among other things, the motion of the defendant Dayton Seaside Corporation and the separate motion, denominated a cross motion, of the defendant

Shell-Mar Foods, Inc., for summary judgment dismissing the complaint insofar as asserted against them, dismissed the action insofar as asserted against those defendants.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the action against the defendant Shell-Mar Foods, Inc., and substituting therefor a provision severing and continuing the action against that defendant; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendant Shell-Mar Foods, Inc., and one bill of costs to the defendant Dayton Seaside Corporation, payable by the plaintiff, the complaint is reinstated insofar as asserted against the defendant Shell-Mar Foods, Inc., and the order dated July 8, 2003, is modified accordingly.

The plaintiff allegedly was injured on February 3, 1990, when she tripped and fell over a cement parking lot divider outside a Key Food Supermarket owned by the defendant Shell-Mar Foods, Inc. (hereinafter Shell-Mar). She commenced this action against, among others, Shell-Mar and the purported owner of the property, Dayton Seaside Corporation (hereinafter Dayton). The Supreme Court granted both Dayton's motion and Shell-Mar's purported cross motion for summary judgment on the ground that the concrete parking lot divider over which the plaintiff tripped and fell was not an inherently dangerous condition, and was readily observable by those employing the reasonable use of their senses.

Contrary to the plaintiff's contention, Dayton established its prima facie entitlement to summary judgment by presenting evidence that the cement divider over which the plaintiff tripped and fell was both open and obvious and not inherently dangerous, as it was readily observable by those employing the reasonable use of their senses (*see Zimkind v Costco Wholesale Corp.,* 12 AD3d 593 [2004]; *Bryant v Superior Computer Outlet,* 5 AD3d 343, 344 [2004]; *Cupo v Karfunkel,* 1 AD3d 48, 52 [2003]; *Plessias v Scalia Home for Funerals,* 271 AD2d 423 [2000]; *Naim v Schwartz Bros. Mem. Chapels,* 232 AD2d 383 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Bryant v Superior Computer Outlet, supra*; *Hughey v Wal-Mart, Inc.,* 275 AD2d 441 [2000]; *cf. Cupo v Karfunkel, supra* at 52).

Shell-Mar moved for summary judgment 142 days after the note of issue was filed and the plaintiff opposed on the grounds, inter alia, that it was untimely under CPLR 3212 (a). The plaintiff is correct. Although Shell-Mar denominated its motion a cross motion, its effort to "piggyback" on its codefendant's timely motion for summary judgment is unavailing since a cross

motion can only be made for relief against a "moving party" (CPLR 2215; *see Williams v Sahay,* 12 AD3d 366, 367 [2004]), and the plaintiff was not a "moving party." Shell-Mar's contentions that no prejudice resulted from its delay and that its motion was meritorious were insufficient justifications to permit late filing (*see Gibbs v McRide Cab Co.,* 10 AD3d 671 [2004]; *Thompson v New York City Bd. of Educ.,* 10 AD3d 650, 651 [2004]) under the standard announced by the Court of Appeals in *Brill v City of New York* (2 NY3d 648 [2004]), which, we note, was decided after the order appealed from here was entered. As no "good cause" was proffered by Shell-Mar for the late filing, its motion for summary judgment dismissing the complaint insofar as asserted against it should have been denied as untimely (*see Gonzalez v Zam Apt. Corp.,* 11 AD3d 657 [2004]).

In light of our determination, we do not reach the parties' remaining contentions. Schmidt, J.P., Crane, Krausman and Fisher, JJ., concur.