■ JANET FULLER et al., Respondents, v WESTCHESTER COUNTY HEALTH CARE CORP. et al., Defendants, and NABIL KHOURY, Appellant. [821 NYS2d 241]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Nabil Khoury appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered January 5, 2004, as denied his motion for summary judgment dismissing the complaint. Presiding Justice Prudenti has been substituted for former Justice Sondra Miller, and Justice Adams has been substituted for former Justice Cozier (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

It is undisputed that a note of issue was filed in this case on June 9, 2003 and that, on August 6, 2003, the defendant Westchester County Medical Center made a timely motion for summary judgment dismissing the complaint insofar as asserted against it. The parties later stipulated that the return date of that motion would be adjourned to October 22, 2003, that the plaintiffs would serve their opposition papers on October 15, 2003, and that "[a]ny *Cross* Motion [would] be served by mail on October 14, 2003, As required by the CPLR" (emphasis added). The defendant Nabil Khoury (hereinafter the appellant) subsequently submitted, within the time frame set forth for cross motions in the parties' stipulation but more than 120 days after the filing of the note of issue, a motion for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the appellant's motion as untimely. We affirm.

Although the parties' stipulation permitted the service of "any cross motion" by October 14, 2003, the appellant's motion, which did not seek relief against any moving party, was

not a cross motion (*see* CPLR 2215; *Gaines v Shell-Mar Foods, Inc.*, 21 AD3d 986 [2005]; *Mango v Long Is. Jewish-Hillside Med. Ctr.*, 123 AD2d 843 [1986]). Thus, the appellant's time within which to file his motion for summary judgment was not affected by the stipulation. Accordingly, the Supreme Court properly determined that the appellant's motion was untimely, and that denial of the motion was required in the absence of any showing of "good cause" (CPLR 3212 [a]; *see Brill v City of New York*, 2 NY3d 648 [2004]; *Gaines v Shell-Mar Foods, Inc.*, 21 AD3d 986 [2005]).

In light of our determination, we need not address the question, inherent in the appellant's argument, as to whether the filing deadline for a motion for summary judgment (*see* CPLR 3212 [a]) may be extended by stipulation of the parties. Prudenti, P.J., Florio, Miller and Adams, JJ., concur.