■ MICHAEL SAVARESE, Appellant, v RONALD CERRACHIO, Respondent. [911 NYS2d 921]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), entered May 4, 2010, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

A "rear-end collision with a lawfully stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and requires the operator of the moving vehicle to provide a non-negligent explanation for the collision" (*Franklin v 2 Guys From Long Pond, Inc.*, 50 AD3d 846, 847 [2008]; *see Tutrani v County of Suffolk*, 10 NY3d 906 [2008]; *Ramirez v Konstanzer*, 61 AD3d 837 [2009]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting proof that the defendant struck the back of his vehicle after it had come to a lawful stop at a red light. The defendant's deposition testimony that the accident occurred after the light had turned green and the plaintiff's vehicle began to slowly move forward did not raise a triable issue of fact as to a non-negligent explanation for the happening of the accident (*see Ramirez v Konstanzer*, 61 AD3d at 837; *Lundy v Llatin*, 51 AD3d 877 [2008]; *Rainford v Sung S. Han*, 18 AD3d 638 [2005]). Accordingly, the plaintiff was entitled to summary judgment on the issue of liability (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The defendant's contention that the plaintiff was not entitled to summary judgment because he failed to submit evidence in admissible form in support of the motion is without merit (*see*

*Mejia v Era Realty Co.*, 69 AD3d 816 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008 [2008]). Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.