■ Olga Daramboukas et al., Respondents, v Lazaros Samlidis et al., Defendants, and James H. Tam et al., Appellants. [922 NYS2d 207]—

In an action to recover damages for personal injuries, etc., the defendants James H. Tam and Daniel Tam appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered August 18, 2009, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant Rochelle K. Osdoby separately appeals, as limited by her brief, from so much of the same order as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, and the defendant Charles L. Albert separately appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing

separate briefs, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On the evening of September 29, 2006, the defendant Frank C. Manginaro was driving a white van owned by the defendant Clarita Penaranda Langaman east on Union Turnpike in Nassau County when he fell asleep at the wheel. The defendant Rochelle K. Osdoby was also driving east on Union Turnpike when her vehicle was struck in the rear by a white van, which was later identified as the vehicle operated by Manginaro. According to Osdoby, the white van then sped off, and was involved in a second collision about 20 car lengths east of the location where she had been struck.

The drivers of the three other vehicles involved in the second collision all testified at their depositions that they had stopped for a red light on Union Turnpike near the entrance to a shopping mall just before their vehicles were struck in the rear. The defendant Daniel Tam, who was driving a vehicle owned by the defendant James H. Tam (hereinafter together the Tam defendants), testified at his deposition that he was stopped at the red light behind other cars when he saw a minivan approaching in his rearview mirror. A few seconds later, the Tam vehicle was struck in the rear, and Daniel Tam lost consciousness. Although Daniel Tam believed that his vehicle might have come into contact with another vehicle after it was struck in the rear, he was unable to identify which other vehicle he may have struck. The defendant Charles L. Albert testified that his vehicle was the first vehicle stopped for the red light in the left eastbound lane of Union Turnpike, and that his vehicle was struck in the rear seconds after the light turned green and he had started to move. Albert was unable to identify the vehicle that struck his vehicle in the rear. According to Albert, after the impact, he lost control of his vehicle and it went into a spin, but did not come into contact with any other vehicles. The defendant Georgia Samlidis testified at her deposition that the vehicle she was driving was the first vehicle stopped for the red light in the right eastbound lane of Union Turnpike when it was struck in the rear. The force of the impact pushed the Samlidis vehicle into the mall parking lot, where it was hit in the side. The plaintiff Olga Daramboukas (hereinafter the injured plaintiff) and her children, the infant plaintiffs Ioanna Daramboukas and Stamatia Daramboukas, were passengers in the Samlidis vehicle. Neither Georgia Samlidis nor the injured plaintiff could identify which other vehicle or vehicles struck the Samlidis ve-

hicle. Following depositions, Albert moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and Osdoby and the Tam defendants separately moved for the same relief. The Supreme Court denied the defendants' motions, and we reverse.

The Supreme Court should have granted Albert's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. In support of his motion, Albert made a prima facie showing that he was operating his vehicle in a nonnegligent manner in the left eastbound lane of Union Turnpike when it was struck in the rear by another vehicle, and that he had a nonnegligent explanation for any subsequent contact that his vehicle may have had with the other vehicles involved in the accident (*see* Vehicle and Traffic Law § 1129 [a]; *Savarese v Cerrachio*, 79 AD3d 725 [2010]; *Franco v Breceus*, 70 AD3d 767, 769 [2010]; *Ortiz v Haidar*, 68 AD3d 953 [2009]; *Malak v Wynder*, 56 AD3d 622 [2008]; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876 [2007]). In opposition to the motion, the plaintiffs, Manginaro, and Langaman failed to raise a triable issue of fact.

Furthermore, the Supreme Court erred in denying Osdoby's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her on the ground that it was incorrectly labeled a cross motion. Although "[a] cross motion is an improper vehicle for seeking affirmative relief from a nonmoving party" (*Mango v Long Is. Jewish-Hillside Med. Ctr.*, 123 AD2d 843, 844 [1986]; *see* CPLR 2215; *Kleeberg v City of New York*, 305 AD2d 549, 550 [2003]), a technical defect of this nature may be disregarded where, as here, there is no prejudice, and the opposing parties had ample opportunity to be heard on the merits of the relief sought (*see* CPLR 2001; *Sheehan v Marshall*, 9 AD3d 403, 404 [2004]; *Kleeberg v City of New York*, 305 AD2d at 550; *Volpe v Canfield*, 237 AD2d 282, 283 [1997]). While the Supreme Court also denied Osdoby's motion on the ground that it was not supported by pleadings and other available proof, Osdoby incorporated by reference the pleadings and exhibits submitted by Albert in support of his original motion, and those pleadings and exhibits were therefore properly before the court (*see* *Carlson v Town of Mina*, 31 AD3d 1176, 1177 [2006]; *Welch v Hauck*, 18 AD3d 1096, 1098 [2005]; *Mahone v Washington*, 17 AD3d 1059 [2005]). On the merits, Osdoby made a prima facie showing, through her deposition testimony, that she could not be held liable for the plaintiffs' injuries. That testimony demonstrated that she was driving in a nonnegligent manner when her vehicle was struck in the rear

by the white van driven by Manginaro, and that her vehicle did not come into contact with any of the vehicles involved in the second collision about 20 car lengths east of the location where she was struck (*see* Vehicle and Traffic Law § 1129 [a]; *Savarese v Cerrachio*, 79 AD3d 725 [2010]). In opposition, the plaintiffs, Manginaro, and Langaman failed to raise a triable issue of fact.

The Supreme Court similarly erred in denying the Tam defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that it was incorrectly labeled a cross motion (*see* CPLR 2001; *Sheehan v Marshall*, 9 AD3d at 404; *Kleeberg v City of New York*, 305 AD2d at 550; *Volpe v Canfield*, 237 AD2d at 283). On the merits, the Tam defendants made a prima facie showing that Daniel Tam was lawfully stopped at a red light when his vehicle was struck in the rear, and that he had a non-negligent explanation for coming into contact with other vehicles at the scene after his vehicle was struck in the rear (*see Savarese v Cerrachio*, 79 AD3d 725 [2010]; *Franco v Breceus*, 70 AD3d at 769; *Ortiz v Haidar*, 68 AD3d 953 [2009]; *Malak v Wynder*, 56 AD3d at 623; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d at 877). In opposition, the plaintiffs, Manginaro, and Langaman failed to raise a triable issue of fact. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.