Kevin Nelson, Appellant,
against
AJB Taxi Mgt., Inc., Fenda Taxi, Inc., and City World Motors, LLC, Respondents.




Kevin Nelson, appellant pro se.
Law Offices of Michael J. Dezorett, (Michael J. Dezorett of counsel), for respondent City World Motors.
Cobert, Haber & Haber (David C. Haber of counsel), for respondents AJB Taxi Mgt., Inc. and Fenda Taxi, Inc.

Appeal from an order of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered March 7, 2017. The order granted a joint motion by defendants AJB Taxi Mgt., Inc. and Fenda Taxi, Inc., and a separate motion by defendant City World Motors, LLC, for summary judgment dismissing so much of the complaint as was asserted against each of them.




ORDERED that the order is affirmed, without costs.
Following discovery in this action to recover the principal sum of $25,000 based on a breach of contract, defendants AJB Taxi Mgt., Inc. (AJB) and Fenda Taxi, Inc. (Fenda) moved jointly for summary judgment dismissing so much of the complaint as was asserted against each of them, and defendant City World Motors, LLC (City World) separately "cross-moved" for summary judgment dismissing so much of the complaint as was asserted against it. In his supporting affidavit, AJB's manager, Sayed Alam, stated that AJB, which is a taxi management company, had acted as an agent managing New York City yellow taxi medallion 4N47 (the [*2]medallion), which is owned by defendant Fenda. He said that, in May 2015, after plaintiff had purchased a new Toyota Prius vehicle from defendant City World, AJB had leased the medallion to plaintiff on a weekly basis for plaintiff to use on his Prius, and had arranged for liability insurance on plaintiff's Prius, as required under rules of the New York City Taxi and Limousine Commission. AJB had not, however, provided or arranged for any other insurance to be placed on the Prius, and plaintiff had not acquired such insurance elsewhere. In January 2016, following an accident, the Prius was declared a total loss. AJB then purchased a Nissan NV200 "Taxi of Tomorrow," which, pursuant to an oral agreement, it leased to plaintiff for $100 a week for use with the medallion. Plaintiff terminated the lease of the Nissan after approximately four weeks. 
Alam's affidavit, and the papers he submitted therewith, demonstrated that there were no material issues of fact with respect to any contractual or other duty AJB and Fenda might have owed plaintiff and breached, and thus established, prima facie, AJB's and Fenda's entitlement to summary judgment dismissing so much of the complaint as was asserted against them (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The burden then shifted to plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which would require a trial of the action (id. at 324; see also Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). 
In his affidavit in opposition to AJB's and Fenda's motion, plaintiff asserted, in effect, that Alam had wrongfully advised plaintiff not to purchase collision insurance on the Prius, thus suggesting that he had a cause of action for negligent misrepresentation. He also claimed that the Nissan had been a "lemon"; that he had lost time at work while the Nissan was being repaired; and that AJB and Fenda had demonstrated indifference to plaintiff's problems with the Nissan and had failed to assist him in finding a second driver for the Nissan or otherwise making operation of the Nissan economically feasible. 
Viewing the facts as presented in the light most favorable to plaintiff (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016]), we conclude that plaintiff failed to demonstrate that either AJB or Fenda had any contractual duty to sell him collision insurance on the Prius, to take actions that would make his lease of the Nissan economically beneficial to him, or to compensate him for his failure to realize income while the Nissan was being repaired. Moreover, under the parties' agreement, plaintiff was free to terminate the lease of the Nissan at any time. In view of the foregoing, plaintiff failed to demonstrate the existence of any issues that would require a trial of the action on his cause of action for breach of contract.
To the extent that plaintiff in effect asserted that he had a cause of action for negligent misrepresentation against either AJB or Fenda by reason of advice their representatives had allegedly given him not to purchase collision insurance, since, in his opposition to those defendants' motion, plaintiff failed to offer evidence of a special, fiduciary relationship, or to submit any evidence that the parties had dealt with each other in other than an arm's length, business-type relationship, plaintiff failed to establish the existence of a material issue of fact or otherwise defeat AJB's and Fenda's motion for summary judgment dismissing a possible cause of action for negligent misrepresentation (see CSI Group, LLP v Harper, 153 AD3d 1314, 1318 [*3][2017]; Lunal Realty, LLC v DiSanto Realty, LLC, 88 AD3d 661, 663 [2011]; see also Cuomo v Mahopac Natl. Bank, 5 AD3d 621, 622 [2004]).
With respect to defendant City World's "cross motion" for summary judgment, we note that "[a] cross motion is an improper vehicle for seeking affirmative relief from a nonmoving party (see, CPLR 2215)" (Mango v Long Is. Jewish-Hillside Med. Ctr., 123 AD2d 843, 844 [1986]; see also Terio v Spodek, 25 AD3d 781, 785 [2006]; Gaines v Shell-Mar Foods, Inc., 21 AD3d 986, 987-988 [2005]). Such a technical defect will be disregarded where, as here, the opposing party is not prejudiced and is afforded an opportunity to be heard on the merits (see Sheehan v Marshall, 9 AD3d 403, 404 [2004]).
While the endorsed complaint did not specify the basis for plaintiff's claims against City World, in his responses to discovery, plaintiff asserted that City World was liable to him by reason of its failure to ensure that the vehicle it had sold him was adequately insured. In support of its "cross motion," City World submitted an affidavit by its taxi department manager, Carmela Ciccone, who stated that City World, which had sold the Prius to plaintiff, had ascertained that there was liability insurance on the Prius prior to its delivery to him, as it was required to do. She, in effect, acknowledged that City World had had a responsibility to offer plaintiff a creditor gap waiver, but annexed to her affidavit a copy of a document signed by plaintiff, wherein plaintiff acknowledged that he had been offered, and had declined to purchase, a creditor gap waiver. Ciccone denied that City World had any duty to sell or offer to sell any other insurance to plaintiff. This evidence was sufficient to establish, prima facie, City World's entitlement to summary judgment.
In opposition to the "cross motion," plaintiff submitted a copy of the retail installment contract for his purchase of the Prius from City World, in which, next to a line for "Price of Optional Creditor Gap Waiver Purchased from the Creditor - Covering a Waiver of Deficiency upon Total Loss of Vehicle," the letters "N/A" had been typed in. Plaintiff argued that that document demonstrated that City World had not offered a creditor gap waiver to plaintiff. However, plaintiff did not dispute the authenticity of his signature on the document City World had submitted. " 'A party who executes a contract is presumed to know its contents and to assent to them' " (Nerey v Greenpoint Mtge. Funding, Inc., 144 AD3d 646, 648 [2016], quoting Moon Choung v Allstate Ins. Co., 283 AD2d 468, 468 [2001]). "In the absence of fraud, duress, or some other wrongful act by a party to a contract, the signer of an agreement is deemed to be conclusively bound by its terms whether or not he or she read the agreement" (Appalsammy v Star Mitsubishi, 24 Misc 3d 142[A], 2009 NY Slip Op 51725[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Since plaintiff failed to submit any evidence that his acknowledgment of having been offered and declined a creditor gap waiver had been obtained by fraud, duress, or other wrongful act by City World or its representative, he failed to establish the existence of a triable issue of material fact with respect to City World's entitlement to summary judgment dismissing so much of the complaint as was asserted against it.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018