**Cortorreal v New York Presbyt. Hosp.**

2024 NY Slip Op 31068(U)

March 28, 2024

Supreme Court, New York County

Docket Number: Index No. 800173/2011

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JOHN J. KELLEY                          PART                          56M

*Justice*

-------------------------------------------------------------------------------X

ANTONIO CORTORREAL, as Administrator of the
Estate of JULIA VELEZ, deceased, and ANTONIO
CORTORREAL, individually,

| | |
|---|---|
| INDEX NO. | 800173/2011 |
| MOTION DATE | 11/08/2023 |
| MOTION SEQ. NO. | 006 |

                                    Plaintiff,

                    - v -

NEW YORK PRESBYTERIAN HOSPITAL, RALPH LAUREN
CENTER FOR CANCER CARE AND PREVENTION,
MEMORIAL SLOAN KETTERING CANCER CENTER, and
JOHN DOES 1-10, INTENDING TO DESIGNATE
PHYSICIANS, NURSES, AND STAFF AFFILIATED WITH
OR EMPLOYED BY THE NAMED DEFENDANTS,

**DECISION + ORDER ON
MOTION**

                                    Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 18, 19, 20, 21, 22,
23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for         VACATE/STRIKE - NOTE OF ISSUE/JURY
                                        DEMAND/FROM TRIAL CALENDAR         .

In this action to recover damages for medical malpractice, the defendant New York

Presbyterian Hospital (NYPH) moves pursuant to 22 NYCRR 202.21(e) to vacate the note of

issue and certificate of readiness and, if that branch of the motion is denied, for an extension of

time within which to move for summary judgment. The defendant Ralph Lauren Center for

Cancer Care and Prevention (RLC) separately moves, in papers erroneously denominated as a

notice of cross motion, for the same relief. The plaintiff opposes both motions. NYPH's motion

is granted only to the extent that, on or before May 23, 2024, and while the action remains on

the trial calendar, the plaintiff shall produce his decedent's adult children for nonparty

depositions, and the deadline for all of the defendants to move for summary judgment is

extended until June 28, 2024. NYPH's motion is otherwise denied. Although RLC's deadline

800173/2011   VELEZ, JULIA vs. NEW YORK PRESBYTERIAN HOSPITAL                Page 1 of 5
Motion No.  006

1 of 5

for moving for summary judgment thus also is extended to June 28, 2024, RLC's separate motion is otherwise denied as untimely.

In the most recent status conference order issued by the court, dated December 2, 2022, this court reicted that its previous May 18, 2022 status conference order had not been complied with, as nonparty depositions remained outstanding. In that December 2, 2022 order, the court directed that the nonparty depositions of the decedent's adult children be completed on or before March 1, 2023. It also ordered that "EBT of NON PARTY Joseph Yoe is scheduled for 12/20/22" and that the "EBT of NON PARTY Sitaram Pillarisetty is being scheduled with Kevin Natale, Law Offices of Benvenuto & Slattery," but it did not fix a date for that deposition. The court directed the plaintiff to file the note of issue on or before July 31, 2023.

Dr. Yoe's deposition was conducted on December 20, 2022. According to the plaintiff, although he was ready, willing, and able to produce his decedent's adult children for a deposition on or before March 1, 2023, the defendants never contacted his attorney to schedule them. The parties prepared and submitted a proposed status conference order on March 16, 2023, which, however, was never signed by the court. In that proposed order, the parties had agreed that Dr. Pillarisetty's deposition would be conducted on April 26, 2023, while the decedent's children would be deposed on June 15, 2023. Dr. Pillarisetty's deposition was conducted on April 27, 2023. According to the plaintiff, although he again was ready, willing, and able to produce his decedent's adult children for a deposition on or before June 15, 2023, the defendants again never contacted his attorney to schedule those depositions. On July 31, 2023, the plaintiff filed the note of issue, even though the depositions of his decedent's adult children had not been conducted.

The deadline for filing a note of issue may always be extended by the court upon a proper showing (*see* CPLR 2004; *Ryskin v Corniel*, 181 AD3d 742, 743-744 [2d Dept 2020]). Here, the parties had submitted a proposed status conference order for the court's review and approval on March 16, 2023, but, due to an administrative error, the court did not sign it. Had

**800173/2011   VELEZ, JULIA vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  006**

**Page 2 of 5**

2 of 5

[* 2]

the court signed and issued that order, it would have extended the note of issue filing deadline. That said, a court may vacate a note of issue where, as here, it appears that a material fact set forth therein, i.e., the representation that discovery is complete, is incorrect (*see* 22 NYCRR 202.21[e]; *Rivers v Birnbaum*, 102 AD3d 26 [2d Dept 2012]; *Gomes v Valentine Realty LLC*, 32 AD3d 699 [1st Dept 2006]; *Herbert v Sivaco Wire Corp.*, 1 AD3d 144 [1st Dept 2003]). "[A] note of issue should be vacated when it is based upon a certificate of readiness that contains erroneous facts" (*Cromer v Yellen*, 268 AD2d 381, 381 [1st Dept 2000]). Nonetheless, where, as here, discovery is nearly completed, "[a] court, in its discretion, may allow post-note of issue discovery without vacating the note of issue as long as prejudice to either party would not result" (*WVH Hous. Dev. Fund Corp. v Brooklyn Insulation & Soundproofing*, *Inc.*, 193 AD3d 523, 523 [1st Dept 2021]; *see Samuelsen v Wollman Rink Operations, LLC,* 196 AD3d 408, 408-409 [1st Dept 2021] [permitting defendant to conduct IME while action remained on the trial calendar]). Such an exercise of discretion is particularly apt in the instant action, where this court, as a dedicated medical malpractice part, controls its own trial calendar and the scheduling of jury selection in actions that have been assigned to it.

RLC's application was not a proper cross motion because it did not seek relief against a moving party; instead, its motion was, in effect, a separate motion seeking relief against a nonmoving party (*see* CPLR 2215; *Asiedu v Lieberman*, 142 AD3d 858, 858 [1st Dept 2016]; *Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 88 [1st Dept 2013]; *Guzetti v City of New York*, 32 AD3d 234 [1st Dept 2006]; *Gaines v Shell-Mar Foods, Inc.*, 21 AD3d 986 [2d Dept 2005]; *Sheehan v Marshall*, 9 AD3d 403, 404 [2d Dept 2004]; *Lucheux v William Macklowe Co., LLC*, 2017 NY Slip Op 31044[U], 2017 NY Misc LEXIS 187 [Sup Ct, N.Y. County, May 11, 2017]). CPLR 2214(b) requires such a separate motion to be made on at least eight days' notice. The mislabeling of a motion as a cross motion, however, may treated as a "technical" defect to be disregarded, particularly where the nonmoving party does not object and the consideration of the application results in no prejudice to the nonmoving party (*see Sheehan v*

**800173/2011   VELEZ, JULIA vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  006**

Page 3 of 5

3 of 5

*Marshall*, 9 AD3d at 404), and where, as here, the moving party made its application more than eight days prior to the return date, thus giving the plaintiff ample opportunity to be heard on the merits (*see Daramboukas v Samlidis,* 84 AD3d 719, 721 [2d Dept 2011]; *Matter of Jordan v City of New York*, 38 AD3d 336, 338 [1st Dept 2007]; *Della-Mura v White Plains Hosp. Med. Ctr*., 2022 NY Slip Op 31085[U], *3, 2022 NY Misc LEXIS 1697, *3-4 [Sup Ct, N.Y. County, Mar. 31, 2022] [Kelley, J.]).  Nonetheless, although RLC's "cross motion" may be considered as a properly noticed separate motion (*see Matter of Jordan v City of New York*, 38 AD3d at 338), it nonetheless was untimely.  22 NYCRR 202.21(e) requires that a motion to vacate a note of issue must be made within 20 days after the note of issue was served and filed.  Since the plaintiff served and filed the note of issue on July 31, 2023, any motion to vacate the note of issue was required to have been made no later than August 21, 2023, the first business day after the lapse of that 20-day period (see General Construction Law §§ 20, 25-a).  RLC's motion, which was made on September 8, 2023, was thus untimely.

Nonetheless, inasmuch as the court is permitting all of the defendants to conduct the deposition of the decedent's adult children, and extending the deadline for all defendants to move for summary judgment, RLC will suffer no prejudice by the denial of its motion.

Accordingly, it is,

ORDERED that the motion of the defendant New York Presbyterian Hospital is granted only to the extent that, on or before May 23, 2024, and while the action remains on the trial calendar, the plaintiff shall produce his decedent's adult children for nonparty depositions, and the deadline for all of the defendants to move for summary judgment is extended until June 28, 2024, and the motion is otherwise denied; and it is further,

ORDERED that the separate motion of the defendant Ralph Lauren Center for Cancer Care and Prevention, incorrectly denominated as a cross motion, is denied as untimely.

**800173/2011   VELEZ, JULIA vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  006**

Page 4 of 5

[* 4]

4 of 5

This constitutes the Decision and Order of the court.

| 3/28/2024 | | |
|---|---|---|
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| | | | | |
|---|---|---|---|---|
| **MOTION 1:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |
| **MOTION 2:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**800173/2011   VELEZ, JULIA vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  006**

**Page 5 of 5**

5 of 5