Edward F. McLaughlin, J.
Motions were made by the above-named defendants to strike the ad damnum clause of plaintiffs’ complaint pursuant to the provisions of CPLR 3017 (subd [c]) so as to eliminate the amount of damages to which the plaintiffs deem themselves entitled.
Dr. Prahladkumar J. Agarwal is employed by defendant, Mercy Hospital of Watertown, and also conducts a private practice. Dr. David G. Gregor and Dr. Alan Henderson are private practitioners.
CPLR 3017 (subd [c]) became effective on August 26, 1976 which date was prior to the date of service of the complaint, except for the defendant, Alan Henderson, M.D., on whom the complaint was served on August 24, 1976.
The plaintiffs oppose this motion on the grounds that the said statute CPLR 3017 (subd [c]) was not retroactive but rather prospective and, therefore, would not apply to any case on which service was made prior to the effective date of the statute, namely August 26, 1976. The statute itself is silent as to whether it is to be applied prospectively or retrospectively. The relief sought should not be granted to one defendant and denied to the others since on the trial it could be prejudicial to any defendant to whom relief would be denied. However, *399 this motion presents a new question for the court since research on the subject fails to disclose any case law applicable to this question.
CPLR 3017 (subd [a]) does not require that an ad damnum clause specify a sum certain for damages be set forth in the pleading but merely requires that the pleader set forth a demand for relief to which he deems himself entitled.
A reading of CPLR 3017 (subd [a]) together with CPLR 3017 (subd [c]) would clearly indicate in the judgment of this court that this statute is procedural in nature rather than substantive. It would further appear that for the orderly trial of this case involving multiple defendants that the motion of the respective defendants under CPLR 3017 (subd [c]) should be and hereby is granted.
Submit order accordingly.