Hon. Everett J. Johns Town Attorney, Clarkstown
You ask whether a town official may, after June 26, 1981, accept a notice of claim stating the amount of damages sought by the claimant.
Chapter 686 of the Laws of 1980, effective June 26, 1981, amends section50-e (2) of the General Municipal Law and adds a revised subdivision c to section 3017 of the Civil Practice Law and Rules (CPLR). The effect of chapter 686 is to prohibit inclusion of a statement of the amount of damages sought by the claimant or pleader in a notice of claim or in any pleadings in relation to an action against a municipal corporation. Since demands for damages are often exaggerated, resulting in maintenance of excessive insurance reserves and adverse media publicity, this legislation was viewed as a means of reducing insurance premiums and discouraging frivolous lawsuits and exaggerated claims (memorandum supporting Senate 3460 and Assembly 4992; June 5, 1980 letter from Counsel to the Conference of Mayors to the Counsel to the Governor). The amendment will also prevent the presentation to a jury of an arbitrary determination of damages through inclusion in the pleadings of the amount of damages or a reference to the amount stated in the notice of claim (June 20, 1980 letter from Chairman of the Association of the Bar of the City of New York to the Counsel to the Governor). The concept of chapter 686 was first applied to medical malpractice actions as part of a series of reforms to deal with an explosion of medical malpractice litigation (ibid.; L 1976, ch 955 added the original subdivision c to section 3017 of the CPLR).
A mistake, omission, irregularity or defect made in good faith in the notice of claim, not pertaining to the manner or time of service, may in the discretion of the Court be corrected, supplied or disregarded provided that this does not prejudice the other party (General Municipal Law, § 50-e [6]). This provision appears to be for the benefit of a claimant seeking to modify the notice. Section 50-e provides no remedy for a defendant municipality served with a notice of claim including a statement of damages in violation of the statute. In Pizzingrilli v VonKessel, 100 Misc.2d 1062 (Sup Ct, Monroe Co., 1979) the defendant brought a motion to dismiss two causes of action in a medical malpractice action because they included a statement of damages in violation of section 3017
(c) of the CPLR. It was decided that dismissal was a drastic remedy unauthorized by section 3017 (c), and that motions for relief under that section are designed to correct pleadings rather than to dismiss them (id., p 1065; see also Dries v Gregor, 90 Misc.2d 398 [Sup Ct, Jefferson Co, 1977]).
We believe that a municipality served with an otherwise proper notice of claim but including a statement of damages in violation of section 50-e
(2) of the General Municipal Law should accept service and make a motion to the court for an order directing the claimant to file an amended notice in compliance with the statute. The motion should be brought in the Supreme or County Court in a county where the action may be properly brought for trial, or if an action to enforce the claim has been commenced, in the county where the action is pending (General Municipal Law, § 50-e [7]). If there is no motion term available in any of these counties, the motion may be brought in an adjoining county (ibid.). In light of the precedents cited above in relation to malpractice actions, it would not seem prudent to treat the service as a nullity. A prompt motion by the municipality to correct the notice of claim will protect municipal interests advanced by chapter 686 without risking default in the action.