OPINION OF THE COURT
Edward J. Greenfield, J.
The question presented in this motion by doctor and hospital defendants to strike the ad damnum clauses in each of the 10 causes of action asserted is one of far-reaching application and increasing importance to the bar.
While CPLR 3017 has been amended to eliminate ad damnum clauses in malpractice actions, and effective June 30, 1981 against municipalities, the statute is silent as to whether references can be made in a complaint to a specified sum of damages when there are alternative causes of action set forth, or where there are multiple defendants.
That question must be answered in determining this motion by the defendant in a malpractice action who moves to strike all ad damnum clauses.
Plaintiffs’ complaint alleges that during the course of treatment in the New York Hospital, the infant was *973 treated negligently and carelessly with respect to surgery and treatment and the administration of drugs. Ten causes of action are set forth.
The first is against New York Hospital and the physicians and surgeons who administered to the infant plaintiff therein and the ad damnum seeks $50,000,000.
The second cause of action alleges lack of informed consent resulting in an assault and battery in which the sum of $50,000,000 is demanded.
The third, fourth, fifth and sixth causes of action allege breach of warranty, negligence and products liability as against the manufacturers of the drug with a damage claim of $50,000,000.
The seventh cause of action is by the mother for medical expenses and loss of services as against all defendants in the sum of $1,000,000.
The eighth cause of action seeks $10,000,000 from all defendants because of the mother’s emotional damage and mental anguish.
The ninth cause of action claims $1,000,000 from all defendants for expenses and loss of services by the father.
And the tenth cause of action seeks to recover $10,000,000 from all defendants because of the father’s emotional damage, mental anguish and inability to function.
As a result of agitation to change the law with respect to medical malpractice actions, several statutory changes were enacted including the addition of CPLR 3017 (subd [c]) to eliminate the amount of damages from the prayer for relief (L 1976, ch 955, § 10, eff Aug. 26, 1976). The objective, presumably, was to preclude a plaintiff, in summing up to a jury, from referring to the sum in the ad damnum as some guide as to what the jury should award. (See Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3017:ll, 1981-1982 Pocket Part, p 25.) The amendment was also recommended because the high amounts demanded in the complaint would be given wide media coverage and form a basis for adverse publicity. (Report of Special Advisory *974 Panel on Medical Malpractice, State of New York, Jan. 1976, p 45.) They were concerned with the indoctrinating affect which the high ad damnum might have on the public and the vast pool of prospective jurors who constantly read in the press about suits being filed for huge amounts. CPLR 3017 (subd [c]) was again amended by section 2 of chapter 686 of the Laws of 1980, effective June 30,1981 to eliminate the ad damnum in any action against a municipal corporation, without regard to the nature of the cause of action.
While plaintiffs’ counsel consents, under the statute, to the deletion of the ad damnum clause concerning those causes of action based upon medical malpractice, it opposes deletion of the ad damnum with respect to the third, fourth, fifth and sixth causes of action which are directed against the drug manufacturer for negligence, breach of warranty and strict products liability.
Is the court to construe the statute narrowly so as to eliminate the monetary demand in the ad damnum only from the cause of action for malpractice, or does carrying out the intent of the Legislature require that where a cause of action for malpractice has been joined with other causes of action that all reference to specific sums demanded by plaintiff be eliminated entirely from the complaint? In La Polla v Lawrence Hosp. (NYLJ, April 23, 1980, p 11, col 5, Chananau, J.), Justice Chananau took the narrow view in an action involving a single defendant and two causes of action, one based on ordinary negligence and the other based on medical malpractice. He ruled that the specific monetary demand would be allowed to stand with respect to the cause of action for negligence. On the other hand in Pizzingrilli v Von Kessel (100 Misc 2d 1062), Justice Pine, sitting in Supreme Court, Monroe County, held that where five causes of action were joined against a hospital and a doctor alleging medical malpractice, lack of informed consent and a breach of warranty, the court would strike the ad damnum not only in the medical malpractice cause of action, but on the contractual claim for breach of warranty as well.
In Dries v Gregor (90 Misc 2d 398) an action for malpractice was brought against multiple defendants. One was *975 served before the effective date of CPLR 3017 (subd [c]) and the others thereafter. Rather than dealing with whether or not the statute should be applied prospectively or retrospectively, the court held that an orderly trial involving multiple defendants would require the elimination of the ad damnum as to all parties. Surely it would make little sense to require the plaintiff to abstain from mentioning the amount of damages claimed as to defendants “B” and “C” while permitting a jury to hear the amount demanded from defendant “A”.
If the legislative policy is to eliminate the amount of damages to which the “pleader deems himself to be entitled” that policy can only be effectuated by eliminating any and all considerations of a specific monetary claim for damages. (NY Legis Ann, 1976, p 421.) Whenever a medical malpractice claim is alleged, CPLR 3017 (subd [c]) requires the elimination of any mention of damages. The prohibition is not limited to a specific claim or cause of detion within a complaint, but rather applies to the entire complaint which includes an action for medical malpractice. This court holds that an “action for malpractice” exists when any one of the causes of action alleged in the complaint sets forth a claim for medical malpractice.
In a sense, the joinder of the medical malpractice claim with other associated claims or causes of action must control the form of the relief sought. Just as the joinder of an equitable cause to a legal claim is deemed to be an election to waive a jury (Jamaica Sav. Bank v M. S. Investing Co., 274 NY 215; Kaufman v Brenner, 63 AD2d 692, affd 46 NY2d 787; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4101.02; cf. CPLR 4101, subd 1; NY Const, art I, § 2), so the joinder of malpractice actions with negligence, products liability, assault or other claims require the elimination of the specific ad damnum. Otherwise, the legislative purpose and statutory intent can readily be circumvented by pleading alternative causes of action or joining nonmedical parties.
It should be noted that the ban on pleading a specific amount of damages is being extended to all actions against a municipal corporation (eff June 30, 1981). In such cases the specific ad damnum is to be eliminated no matter what *976 the nature of the cause of action. Again, it would make little sense to prohibit the ad damnum against the municipal corporation, if the amount of damages can, with equal effectiveness, be put before the court and jury by including nonmunicipal codefendants. A statutory prohibition is not a Swiss cheese with available holes to sail through at the convenience of any litigant.
In this day and age, it is questionable in any event, whether the ad damnum any longer serves a useful purpose. Since there is no ceiling upon it, it serves only to penalize those attorneys who have set forth their claim for damages in conservative terms by prohibiting a jury verdict in excess of the demand. The huge demand serves primarily to create maximum publicity for the case and for the attorney, regardless of its ultimate merit. Newspapers love to feature complaints filed in staggering sums. Indeed, in this case, the claimed ad damnum for $50,000,000 with the additional claim for $1,000,000 for each parent’s loss of services and $10,000,000 for the emotional and psychological injuries to each parent far exceeds any conceivable recovery, and is well beyond any amount which would conceivably be sustainable by the Appellate Division. The parading of such claims can only have an inflammatory and inflationary effect upon the verdict.
The motion to strike the amount of damages claimed from each cause of action set forth in this complaint should be granted. Plaintiff shall serve an amended complaint consistent with CPLR 3017 (subd [c]) and this opinion, within 10 days after service of the order to be settled hereon with notice of entry.