■ NANCY CASIANO, Respondent, v NEW YORK HOSPITAL-CORNELL MEDICAL CENTER, Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Pizzuto, J.), dated May 23, 1989, which granted the plaintiff's motion for leave to serve a late certificate of merit and notice of medical malpractice action.

Ordered that the order is affirmed, with costs.

The plaintiff served a summons and complaint on November 2, 1988, alleging medical malpractice, but neglected to attach the certificate of merit required by CPLR 3012-a. The defen-

dant served an answer on or about November 22, 1988, asserting as a defense that the complaint was served in contravention of CPLR 3012-a, and, on December 19, 1988, demanded various items of discovery from the plaintiff, including a certificate of merit, within 20 days. On January 4, 1989, the plaintiff sent the defendant the requested certificate of merit. When the defendant nonetheless refused to withdraw its affirmative defense based on CPLR 3012-a, the plaintiff moved for permission to serve a late certificate of merit, as well as a late notice of malpractice action. Her motion papers were supported by (1) an attorney's affirmation, explaining that "law office failure" in the form of a secretary's oversight in not forwarding the certificate with the summons to the process server had accounted for the tardiness of its transmittal, and (2) a physician's affirmation declaring that the defendant's delay in treating the plaintiff's chemical burns and in commencing a course of antibiotic therapy had resulted in her protracted sepsis. We find that the brief delay was not prejudicial and was adequately explained (CPLR 2005), and that the merits of the plaintiff's action were sufficiently attested to (cf., Santangelo v Raskin, 137 AD2d 74; Vernon v Nassau County Med. Center, 102 AD2d 852). In any event, there is no statute or rule which authorizes dismissal of an action as a sanction for a violation of CPLR 3012-a (see, Kolb v Strogh, 158 AD2d 15).

CPLR 3406 (a) provides that the plaintiff must file with the court a notice of medical malpractice action not more than 60 days after issue is joined. The notice should therefore have been filed in the instant case no later than January 21, 1989. Pursuant to a motion under CPLR 2004, however, the court may, in its discretion, extend a plaintiff's time to file such a notice, and the plaintiff need not demonstrate a meritorious claim or a reasonable excuse for the delay in order for the motion to be granted (see, Tewari v Tsoutsouras, 75 NY2d 1). Here, the delay has not prejudiced the defendant, while denial of the motion would severely prejudice the plaintiff. Thus, relief pursuant to CPLR 2004 was clearly warranted. In any case, the severe sanction of dismissal is not an appropriate penalty for failure to timely file such a notice (Tewari v Tsoutsouras, supra). Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.