■ GEORGE JONES, Appellant, v MARTIN BODIAN et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Scholnick, J.), dated August 9, 1989, which granted the motion of the defendant Brookdale Hospital Medical Center and the separate motion of the defendants Martin Bodian, M.D., and Steven Divack, M.D., to dismiss the complaint for failure to comply with CPLR 3012-a, (2) an order of the same court, also dated August 9, 1989, which denied the plaintiff's motion to strike the answer of the defendant doctors for failure to appear at depositions, and (3) a judgment of the same court dated September 22, 1989, which dismissed the action against all the defendants.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law; and it is further,

Ordered that the orders dated August 9, 1989, are vacated, the separate motions to dismiss the complaint are denied, and the matter is remitted to the Supreme Court, Kings County,

for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the respondent appearing separately and filing separate briefs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In *Kolb v Strogh* (158 AD2d 15), this court abandoned the position originally adopted in the case of *Santangelo v Raskin* (137 AD2d 74) and held "that neither statute nor rule authorizes dismissal of the action as a sanction for a violation of CPLR 3012-a" *(see, Kolb v Strogh, supra,* at 16). Accordingly, the judgment dismissing the complaint on the basis that the plaintiff has failed to comply with CPLR 3012-a must be reversed. The plaintiff's certificate of merit dated March 1, 1989, shall be deemed served and filed.

The order denying as moot the plaintiff's motion to strike the defendant doctors' answer for failure to disclose must be vacated. Since the Supreme Court did not consider the merits of that motion, the matter is remitted for further consideration and for the issuance of such orders as it deems appropriate to compel the parties to complete their disclosure. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.