■ PATRICIA RICE, Respondent, v JOAN F. VANDENEBOSSCHE, Defendant, and DINESH BHARGAVA et al., Appellants.—In an action to recover damages for personal injuries, the defendants Dinesh Bhargava and Peekskill Community Hospital appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered June 28, 1990, which denied

their respective motions to dismiss the complaint for failure to attach a certificate of merit pursuant to CPLR 3012-a and to strike the ad damnum clause pursuant to CPLR 3017 (c).

Ordered that the order is modified, on the law, by adding thereto provisions (1) directing the plaintiff to serve a certificate of merit, and (2) striking the ad damnum clause from the complaint; as so modified, the order is affirmed, without costs or disbursements, and the plaintiff's time to serve a certificate of merit is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

In her complaint, the plaintiff alleged one cause of action to recover damages for personal injuries arising out of operation of a motor vehicle. The second cause of action, which was against Dr. Dinesh Bhargava and Peekskill Community Hospital, alleged that, while the plaintiff was being treated for a laceration to her forehead, Dr. Bhargava negligently placed a lamp dangerously close to her, causing burns to her forehead. The complaint contained one general ad damnum clause specifying damages against all the defendants, without allocating particular amounts as to each cause of action. Dr. Bhargava and the hospital each moved to dismiss the complaint on the ground that the plaintiff failed to attach a certificate of merit to her complaint, as required by CPLR 3012-a, and because the inclusion of the ad damnum clause violated CPLR 3017 (c). The court denied the motion, reasoning that the second cause of action sounded in negligence rather than malpractice. We disagree.

"The critical question in determining whether an action sounds in medical malpractice or simple negligence is the nature of the duty to the plaintiff which the defendant is alleged to have breached" (Halas v Parkway Hosp., 158 AD2d 516; see also, Bleiler v Bodnar, 65 NY2d 65). "When the duty owing to the plaintiff by the defendant arises from the physician-patient relationship or is substantially related to medical treatment, the breach thereof gives rise to an action sounding in medical malpractice as opposed to simple negligence" (Fox v White Plains Med. Ctr., 125 AD2d 538). However, if the conduct complained of may be readily assessed on the basis of common, everyday experience of the trier of facts, and expert testimony is unnecessary for such a review, then the cause of action sounds in negligence (Fox v White Plains Med. Ctr., supra; see also, Tighe v Ginsberg, 146 AD2d 268). Here, the cause of action against Bhargava and the hospital clearly alleges that the plaintiff was burned on the forehead by a lamp which was being used while she was being treated by the

doctor for a forehead laceration. Because the conduct complained of was substantially related to the medical treatment, the cause of action sounds in medical malpractice *(see, Stanley v Lebetkin,* 123 AD2d 854; *Coursen v New York Hosp.-Cornell Med. Ctr.,* 114 AD2d 254). Therefore, the plaintiff was required to serve a certificate of merit pursuant to CPLR 3012-a.

Contrary to the appellants' contention, however, the proper sanction at this stage is not dismissal but a direction that the plaintiff serve a certificate of merit. If the plaintiff fails to serve the certificate of merit, then other sanctions, including dismissal, may be imposed *(see, Casiano v New York Hosp.-Cornell Med. Ctr.,* 169 AD2d 806; *Frisina v Jones,* 167 AD2d 598; *Kolb v Strogh,* 158 AD2d 15).

In addition, the entire ad damnum clause must be stricken. "CPLR 3017 (c) requires the elimination of any mention of damages whenever a medical malpractice claim is alleged. The prohibition is not limited to a specific claim or cause of action within a complaint, but rather applies to the entire complaint which includes an action for medical malpractice' " *(Fox v White Plains Med. Ctr., supra,* at 539, quoting *Vigo v New York Hosp.,* 113 Misc 2d 972, 975; *see also, Raus v White Plains Hosp.,* 156 AD2d 354). Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.