■ PEGGY GRANT, Appellant, v COUNTY OF NASSAU et al., Respondents. [814 NYS2d 219]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered March 24, 2005, which granted the defendants' motion to dismiss the complaint for failure to comply with CPLR 3012-a and 3406 (a).

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, and the complaint is reinstated.

The court was without the authority to dismiss this action based solely on the plaintiff's failure to comply with CPLR 3012-a and 3406 (a) (*see Tewari v Tsoutsouras*, 75 NY2d 1, 10 [1989]; *Rice v Vandenebossche*, 185 AD2d 336 [1992]; *Jones v Bodian*, 172 AD2d 495 [1991]; *Casiano v New York Hospital-Cornell Med. Ctr.*, 169 AD2d 806, 807 [1991]; *cf. Frons v Uliss*, 287 AD2d 537, 538 [2001]). Accordingly, the order must be reversed, and the complaint reinstated.

The defendants allege that the court marked this action "purged no activity" on December 11, 2000. In her reply brief on appeal, the plaintiff acknowledges that some action was taken by the court on that date, but claims that the case was "simply removed" from the court's calendar "due to a brief period of inactivity." The record does not contain any written proof of the court's alleged action on December 11, 2000. There is no order dismissing this action pursuant to 22 NYCRR 202.27 (b). Since this action is pre-note of issue, the court could not have marked it off the calendar pursuant to CPLR 3404 (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 196-197 [2001]). Furthermore, the court could not have dismissed the action on that date for want of prosecution because the criteria under CPLR 3216 were not met (*see* CPLR 3216 [b]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 502-503 [1997]; *Delgado v*

*New York City Hous. Auth.,* 21 AD3d 522 [2005]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.