■ JOHN RUSSO, JR., Appellant, v NICHOLAS J. PENNINGS et al., Respondents. [848 NYS2d 678]—

In an action to recover damages for medical malpractice, the plaintiff appeals from (1) so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated November 15, 2006, as denied his motion pursuant to CPLR 2004 and 3406 (a) for an extension of time to serve a notice of medical malpractice action and granted the cross motion of the defendants Nicholas J. Pennings, John P. McDermott, John J. Dermigny, Horizon Medical Group, P.C. and Gary Theall, and the separate cross motion of the defendant Gordon Brabant, to dismiss the complaint pursuant to CPLR 3012-a and 3406 (a) insofar as asserted against them, and (2) a judgment of the same court entered February 13, 2007, which, upon so much of the order dated November 15, 2006, as granted the cross motion of the defendant Dennis Scharfenberger to dismiss the complaint pursuant to CPLR 3012-a and 3406 (a) insofar as asserted against him, dismissed the complaint insofar as asserted against that defendant.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the cross motion of the defendant Dennis Scharfenberger is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated insofar as asserted against the defendant Dennis Scharfenberger, the cross motion of Dennis Scharfenberger to dismiss the complaint pursuant to CPLR 3012-a and 3406 (a) insofar as asserted against him is denied, and the order dated November 15, 2006 is modified accordingly; and it is further,

Ordered that the order dated November 15, 2006 is reversed insofar as appealed from, on the law, the plaintiff's motion pursuant to CPLR 2004 and 3406 (a) for an extension of time to file a notice of medical malpractice action is granted, and the cross motion of the defendants Nicholas J. Pennings, John P. McDermott, John J. Dermigny, Horizon Michael Group, P.C., and Gary Theall, and the separate cross motion of the defendant Gordan Brabant, to dismiss the complaint pursuant to CPLR 3012-a and 3406 (a) insofar as asserted against them are denied; and it is further,

Ordered that the plaintiff's time to file a notice of medical malpractice action and to comply with CPLR 3012-a is extended until 60 days after service upon him of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants appearing separately and filing separate briefs.

The court erred in dismissing this action based on the plaintiff's failure to comply with CPLR 3012-a (*see Casiano v New York Hospital-Cornell Med. Ctr.*, 169 AD2d 806, 807 [1991]), as such sanction is unauthorized (*see Kolb v Strogh*, 158 AD2d 15, 16 [1990]).

Additionally, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to extend his time to serve a CPLR 3406 (a) notice of medical malpractice action inasmuch as the plaintiff "need not demonstrate a meritorious claim or a reasonable excuse for the delay in order for the motion to be granted" (*Casiano v New York Hospital-Cornell Med. Ctr.*, 169 AD2d 806, 807 [1991]; *see Tewari v Tsoutsouras*, 75 NY2d 1, 12-13 [1989]). The Supreme Court incorrectly found that the plaintiff's motion failed because he did not demonstrate the merit of his claims (*see Tewari v Tsoutsouras*, 75 NY2d at 12). The showing of merit required to obtain an extension of time to file a pleading by a party already in default has no application here, as the failure to timely file the CPLR 3406 (a) notice is not analogous to a pleading default (*see Tewari v Tsoutsouras*, 75 NY2d 1, 12 [1989]). In any event, the plaintiff's excuse for the delay constituted "law office failure," which was sufficient, under the circumstances, to demonstrate the necessary "good cause," particularly as there is no evidence that the defendants were prejudiced, while the plaintiff will be severely prejudiced if the motion is denied (*see* CPLR 2004, 2005; *Tewari v Tsoutsouras*, 75 NY2d 1, 12-13 [1989]; *Casiano v New York Hospital-Cornell Med. Ctr.*, 169 AD2d at 807). Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.