Rabinovich v Maimonides Med. Ctr. (2019 NY Slip Op 08724)





Rabinovich v Maimonides Med. Ctr.


2019 NY Slip Op 08724


Decided on December 4, 2019


Appellate Division, Second Department


Dillon, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-00565
 (Index No. 518007/17)

[*1]Deborah Rabinovich, respondent, 
v
Maimonides Medical Center, appellant.



APPEAL by the defendant, in an action to recover damages for medical malpractice, from an order of the Supreme Court (Ellen M. Spodek, J.), dated November 13, 2018, and entered in Kings County. The order denied the defendant's motion pursuant to CPLR 3012-a(a)(1) to dismiss the complaint for failure to file a certificate of merit.



Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for appellant.
Ancona Associates (Thomas Torto, New York, NY, of counsel), for respondent.



DILLON, J.P.


OPINION & ORDER
This appeal involves the difference between ordinary negligence and medical malpractice, and the effect of that difference upon the obligations of attorneys under CPLR 3012-a. Also, where a certificate of merit is not provided for an action sounding in medical malpractice, we address how noncompliance with CPLR 3012-a should be remedied.
I. Relevant Facts
On August 13, 2015, the plaintiff donated blood at the defendant's blood donation center in Brooklyn. After leaving the donation center, the plaintiff allegedly had an adverse reaction which caused her to lose consciousness, fall down, and sustain injuries.
On September 18, 2017, the plaintiff commenced this action against the defendant by the e-filing of a summons with notice. The defendant appeared in the action and demanded service of a complaint. The plaintiff served a complaint which described the defendant's alleged negligence with some degree of detail. The defendant interposed an answer to the complaint and asserted 10 affirmative defenses, the 8th of which was that the action should be dismissed for the plaintiff's failure to file a certificate of merit as required by CPLR 3012-a.
Discovery was exchanged between the parties and a bill of particulars was served. Paragraph 3 of the bill of particulars tracked paragraph 20 of the complaint almost word-for-word in describing the defendant's alleged negligence. Specifically, the plaintiff alleged that the defendant was negligent for, inter alia, failing to follow New York State protocols for reducing adverse reactions of blood donors; failing to follow standardized procedures for screening the plaintiff for health problems; failing to take the plaintiff's medical history; failing to give a complete medical examination before blood was drawn; failing to measure the plaintiff's hemoglobin levels; and failing to recognize the predictors of the plaintiff's reaction to the procedure.
On September 24, 2018, the defendant moved pursuant to CPLR 3012-a(a)(1) to dismiss the complaint because it was not accompanied by a certificate of merit as required for actions sounding in medical malpractice. The defendant highlighted the medical nature of many of the allegations set forth in the complaint and bill of particulars, arguing that medical expertise was required to determine whether the defendant's treatment fell within the relevant standard of care. [*2]The defendant argued that since the action implicated medical expertise, the plaintiff's failure to provide a certificate of merit required dismissal of the complaint under CPLR 3012-a.
In opposition, the plaintiff maintained that no certificate of merit was required as the allegations in the complaint were in the nature of ordinary negligence and not medical malpractice. The plaintiff also argued that since the plaintiff's interaction was solely with a hospital employee, as inferentially distinguished from a medical doctor, the principles of medical malpractice, including the requirements of CPLR 3012-a, do not apply to the action.
In the order appealed from, the Supreme Court denied the defendant's motion to dismiss the complaint, finding that "[n]o certificate of merit [was] needed as [the] complaint sounds in simple negligence." We disagree that the action involves only simple negligence. However, the appropriate remedy for failing to file a certificate of merit is not dismissal of the complaint, as requested by the defendant, but an extension of time for the plaintiff to comply with the mandates of CPLR 3012-a.
II. The Requirements and Purpose of CPLR 3012-a
CPLR 3012-a(a)(1) provides that, in any action for medical, dental, or podiatric malpractice, the complaint shall be accompanied by a certificate executed by the plaintiff's attorney declaring that the attorney has reviewed the facts of the case and consulted with at least one licensed physician, dentist, or podiatrist whom the attorney believes to be knowledgeable about the relevant issues of the action, and that as a result of such review and consultation, the attorney has concluded that the action has a reasonable basis. The purpose behind CPLR 3012-a, as stated when the statute was enacted in 1986, is to deter the commencement of frivolous actions by counsel on behalf of their clients, and to thereby reduce the cost of medical malpractice litigation and medical malpractice insurance premiums (see Mem of State Exec. Dept., 1985 McKinney's Session Laws of NY at 3022-3027; Tewari v Tsoutsouras, 75 NY2d 1, 6; Sisario v Amsterdam Mem. Hosp., 159 AD2d 843, 844; Mercado v Schwartz, 63 Misc 3d 362, 378 [Sup Ct, Suffolk County]; Djeddah v Williams, 24 Misc 3d 1234[A], 2009 NY Slip Op 51751[U], *2 [Sup Ct, NY County]; Harmon v Huntington Hosp., 163 Misc 2d 150, 151 [Sup Ct, NY County]).
There are a limited number of circumstances where an attorney may escape certain requirements of CPLR 3012-a, such as when the attorney is unable to obtain the required medical, dental, or podiatric consultation prior to the expiration of the statute of limitations. Under such circumstances, a certificate of merit shall be filed within 90 days after service of the complaint (see CPLR 3012-a[a][2]). Where a plaintiff's attorney has made three separate good faith attempts to consult with three different physicians, dentists, or podiatrists, but is rebuffed each time, then the certificate executed by the attorney must set forth these facts (see CPLR 3012-a[a][3]). When a plaintiff's attorney files a certificate with the complaint indicating the intention to rely solely upon the doctrine of res ipsa loquitur for establishing liability, no certificate of merit is required (see CPLR 3012-a[c]). Further accommodations are provided to the plaintiff's attorney if a request has been made for the plaintiff's medical or dental treatment records, and the records have not been produced. Under such circumstance, the certificate of merit need not be served until 90 days after the records have been produced (see CPLR 3012-a[d]). Pro se plaintiffs who commence medical malpractice actions are not bound by the statute at all, since the aim of the statute is to prevent the filing of frivolous actions by attorneys (see CPLR 3012-a[f]; Djeddah v Williams, 24 Misc 3d 1234[A], 2009 NY Slip Op 51751[U], *2; Harmon v Huntington Hosp., 163 Misc 2d at 151).
The mechanics of CPLR 3012-a are not complicated, and the physician, dentist, or podiatrist consulted by the plaintiff's attorney need not be the same person that the attorney may later disclose and use as an expert witness in the litigation. The relative simplicity of the statute may explain why the volume of case law generated in connection with CPLR 3012-a is limited.
Of course, if an action involves ordinary negligence rather than medical, dental, or podiatric malpractice, as claimed by the plaintiff here, the requirements of CPLR 3012-a have no application at all (see Mancuso v Kaleida Health, 100 AD3d 1468).
III. Whether the Plaintiff's Allegations Sound in Ordinary Negligence or Medical Malpractice
"[T]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two'" (Weiner v Lenox Hill Hosp., 88 NY2d 784, 787, quoting Scott v Uljanov, 74 NY2d 673, 674; see Martuscello v Jensen, 134 AD3d 4, 10). In distinguishing whether conduct should be deemed medical malpractice or ordinary negligence, the critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached (see Jeter v New York Presbyt. Hosp., 172 [*3]AD3d 1338, 1339; Pacio v Franklin Hosp., 63 AD3d 1130). "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts" (Jeter v New York Presbyt. Hosp., 172 AD3d at 139 [internal quotation marks omitted]; see Friedmann v New York Hosp.-Cornell Med. Ctr., 65 AD3d 850, 858; Halas v Parkway Hosp., 158 AD2d 516, 516-517; Miller v Albany Med. Ctr. Hosp., 95 AD2d 977, 978). Thus, an action sounds in ordinary negligence when jurors can utilize their common everyday experiences to determine the allegations of a lack of due care (see Jeter v New York Presbyt. Hosp., 172 AD3d at 1339; Reardon v Presbyterian Hosp. in City of N.Y., 292 AD2d 235, 237). In contrast, an action sounds in medical malpractice where the determination involves a consideration of professional skill and judgment (see Weiner v Lenox Hill Hosp., 88 NY2d at 788; Bleiler v Bodnar, 65 NY2d 65, 72; Rey v Park View Nursing Home, 262 AD2d 624, 626-627; Payette v Rockefeller Univ., 220 AD2d 69, 71-72; Halas v Parkway Hosp., 158 AD2d at 516-517; Zellar v Tompkins Community Hosp., 124 AD2d 287, 288).
A negligent act or omission by a health care provider that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician to a particular patient constitutes medical malpractice (see Davis v South Nassau Communities Hosp., 26 NY3d 563, 580; Spiegel v Goldfarb, 66 AD3d 873, 874; Sosnoff v Jackman, 45 AD3d 568). When the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the failure to fulfill a different duty, the claim sounds in ordinary negligence (see Weiner v Lenox Hill Hosp., 88 NY2d at 788; see also Rodriguez v Saal, 43 AD3d 272; Payette v Rockefeller Univ., 220 AD2d 69).
Here, many of the plaintiff's allegations bear a substantial relationship to the rendition of medical treatment to a particular patient (see Bazakos v Lewis, 12 NY3d 631, 634; Thomas v Hermoso, 110 AD3d 984). The complaint alleges, inter alia, that the defendant failed to properly screen the plaintiff for health problems, obtain her medical history, monitor her physical condition, measure her hemoglobin levels, and keep her at the donation site for a specific period of time to observe any signs of an adverse reaction. The issues of whether the plaintiff needed additional screening, monitoring, or supervision, and whether she was at risk of falling due to a medical condition, involve the exercise of medical judgments beyond the common knowledge of ordinary persons. Only a medical professional would know what factors make a person ineligible to donate blood, how much blood should be drawn, what constitutes the signs and symptoms of an adverse reaction, and how to immediately treat an adverse reaction. Thus, the interaction between the plaintiff and the defendant implicates issues of medical judgment that sound in medical malpractice. This is not an action, as described by the plaintiff, where issues of duty can be resolved by the trier of fact based upon mere common knowledge of everyday experiences.
A reported case with underlying facts similar to those presented here is Muniz v American Red Cross (141 AD2d 386), wherein a plaintiff donating blood allegedly sustained septic phlebitis from a negligently administered blood draw. There, the Appellate Division, First Department held that the allegations against the blood donation center were in the nature of medical malpractice requiring medical expert opinion (see id. at 388-389; see also Jeter v New York Presbyt. Hosp., 172 AD3d at 1340 [plaintiff with memory loss wandered from hospital and sustained injuries due to alleged lack of proper supervision]; Martuscello v Jensen, 134 AD3d at 12 [plaintiff's fall from an examination table allegedly caused by the lack of proper supervision]; Smee v Sisters of Charity Hosp. of Buffalo, 210 AD2d 966, 967 [plaintiff with light-headedness fell from a chair due to hospital's alleged failure to supervise]). Notably, a blood bank must employ a medical director if blood is collected there (see 10 NYCRR 58-2.1[a]; 58-2.4), further illustrating the overlap between phlebotomy and medical malpractice.
We disagree with the plaintiff that CPLR 3012-a requires a formal doctor-patient relationship between the parties. The fact that a phlebotomist may have performed the blood draw, rather than a licensed physician, does not remove the plaintiff's claims from the realm of medical malpractice. The Court of Appeals has held that malpractice actions may "apply to acts or omissions committed by individuals and entities other than physicians where those acts or omissions either constitute medical treatment or bear a substantial relationship to the rendition of medical treatment" (Karasek v LaJoie, 92 NY2d 171, 174-175). By extension, the elements of medical malpractice have been applied to actions involving phlebotomists and negligent blood draws (see Schacherbauer v University Assoc. in Obstetrics & Gynecology, P.C., 56 AD3d 751, 752; Muniz v American Red Cross, 141 AD2d 386; cf. Crosson v Jamaica Hosp. Med. Ctr., 14 AD3d 587). Moreover, in the sphere of cases dealing with whether claims are governed by the 2½-year statute of limitations for [*4]medical malpractice (see CPLR 214-a) versus the 3-year statute of limitations for ordinary negligence (see CPLR 214[3], [4], [5]), the medical malpractice statute of limitations has been applied to actions involving the alleged negligent conduct of nonphysicians who rendered medical-related services, including nurses whose duties were related to medical treatment (see Bleiler v Bodner, 65 NY2d at 71; Bamert v Central Gen. Hosp., 53 NY2d 656, affg 77 AD2d 559; Schmitt v Medford Kidney Ctr., 121 AD3d 1088, 1089), emergency medical technicians (see Lynch v Town of Greenburgh, 61 Misc 3d 459 [Sup Ct, Westchester County]), and X ray technicians (see Lang-Salgado v Mount Sinai Med. Ctr., Inc., 157 AD3d 532, 533 [fall from a stretcher caused by alleged violation of protocol by a hospital technician]). Since this matter requires the consideration of the professional skill and knowledge of the practitioner or the medical facility, the more specialized theory of medical malpractice applies.
IV. The Remedy for Noncompliance with CPLR 3012-a
While we disagree with the Supreme Court's conclusion that a certificate of merit was not required because, in its view, the action sounded in ordinary negligence, we nonetheless agree with the court's ultimate determination that the complaint should not be dismissed.
CPLR 3012-a does not contain any language authorizing the dismissal of an action for the failure of the plaintiff's attorney to file a certificate of merit (see Russo v Pennings, 46 AD3d 795, 797; Grant v County of Nassau, 28 AD3d 714; Dye v Leve, 181 AD2d 89, 90; Casiano v New York Hospital-Cornell Med. Ctr., 169 AD2d 806, 807; cf. Tewari v Tsoutsouras, 75 NY2d at 11 [analogous to noncompliance with CPLR 3406(a)]). The statute is unlike CPLR 3012(b), which expressly permits the dismissal of an action where a plaintiff fails to serve a complaint that has been duly demanded under that statute (see Kolb v Strogh, 158 AD2d 15, 19-20).
Here, although the complaint was not accompanied by a certificate of merit as required by CPLR 3012-a, dismissal of the complaint is not warranted as the plaintiff's attorney should be provided with an opportunity to comply with the statute now that it is determined that the statute applies to this particular action (see Russo v Pennings, 46 AD3d 795; Grant v County of Nassau, 28 AD3d 714; Rice v Vandenebossche, 185 AD2d 336; Frisina v Jones, 167 AD2d 598, 599; Kolb v Strogh, 158 AD2d at 22). There is no reason to believe from this record that the plaintiff's attorney's failure to file a certificate of merit was motivated by anything other than a good faith assessment that CPLR 3012-a did not apply to the action. The proper remedy at this stage, since the defendant had also sought in its underlying motion "such other and further relief as this court may deem just, proper and reasonable" (see Tirado v Miller, 75 AD3d 153, 158), is for this Court to extend the plaintiff's time to serve a certificate of merit upon the defendant until 60 days after service of this opinion and order. Only if the plaintiff is recalcitrant in complying with both the statute and this Court's order may the Supreme Court, in its discretion, then dismiss the complaint (see Monzon v Chiaramonte, 140 AD3d 1126, 1128; Russo v Pennings, 46 AD3d at 796; Rice v Vandenebossche, 185 AD2d at 337; Kolb v Strogh, 158 AD2d at 22).
In light of the foregoing, the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the defendant's motion to dismiss the complaint for failure to file a certificate of merit, and substituting therefor a provision granting the motion to the extent of directing the plaintiff to serve a certificate of merit upon the defendant within 60 days and otherwise denying the motion; as so modified, the order is affirmed and the plaintiff's time to serve a certificate of merit is extended until 60 days after service upon her of a copy of this opinion and order.
COHEN, BARROS and CONNOLLY, JJ., concur.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the defendant's motion to dismiss the complaint for failure to file a certificate of merit, and substituting therefor a provision granting the motion to the extent of directing the plaintiff to serve a certificate of merit upon the defendant within 60 days and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements, and the plaintiff's time to serve a certificate of merit is extended until 60 days after service upon her of a copy of this opinion and order.
ENTER:
Aprilanne Agostino
Clerk of the Court