| |
|---|
| **Alaburda-Smith v Souweidane** |
| 2026 NY Slip Op 30915(U) |
| March 12, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805264/2024 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                    PART                    56M

                                               *Justice*

-------------------------------------------------------------------------------X

DONNA ALABURDA-SMITH and BRITTANY SMITH, as attorney-in-fact for DONNA ALABURDA-SMITH,

                                Plaintiff,

                        - v -

MARK M. SOUWEIDANE, M.D., VIVIANE TABAR, M.D., DAVID MAO, M.D. and MEMORIAL SLOAN KETTERING CANCER CENTER,

                                Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805264/2024 |
| MOTION DATE | 11/19/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for            DISMISSAL/X-MOTION DISMISSAL            .

In this action to recover damages for medical malpractice based on alleged departures from accepted medical practice and lack of informed consent, the defendant Mark M. Souweidane, M.D., moves pursuant to CPLR 3012-a to dismiss the complaint insofar as asserted against him on the ground that the plaintiffs failed to serve and file a certificate of merit, despite due demand therefor.  The defendants Viviane Tabar, M.D., David Mao, M.D., and Memorial Sloan Kettering Cancer Center (collectively the Sloan Kettering defendants), in papers erroneously denominated as a cross motion, separately move for the same relief as to them. Although the plaintiffs do not oppose the motion, the motion nonetheless is granted only to the extent that, on or before May 15, 2026, the plaintiffs shall serve and file the required certificate of merit, or shall be subject to sanctions upon further motion by those defendants, and the motion is otherwise denied.

[* 1]

In the first instance, the Sloan Kettering defendants' application was not a proper cross motion because it did not seek relief against a moving party; instead, its motion was, in effect, a separate motion seeking relief against a nonmoving party (*see* CPLR 2215; *Asiedu v Lieberman*, 142 AD3d 858, 858 [1st Dept 2016]; *Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 88 [1st Dept 2013]; *Guzetti v City of New York*, 32 AD3d 234 [1st Dept 2006]; *Gaines v Shell-Mar Foods, Inc.*, 21 AD3d 986 [2d Dept 2005]; *Sheehan v Marshall*, 9 AD3d 403, 404 [2d Dept 2004]; *Mango v Long Is. Jewish-Hillside Med. Ctr.,* 123 AD3d 843, 844 [2d Dept 1986]; *Lucheux v William Macklowe Co., LLC*, 2017 NY Slip Op 31044[U], 2017 NY Misc LEXIS 187 [Sup Ct, N.Y. County, May 11, 2017]). CPLR 2214(b) requires such a separate motion to be made on at least eight days' notice. The mislabeling of a motion as a cross motion, however, may treated as a "technical" defect to be disregarded, particularly where the nonmoving party does not object and the consideration of the application results in no prejudice to the nonmoving party (*see Sheehan v Marshall*, 9 AD3d at 404), and where, as here, the party making the separate motion made its application more than eight days prior to the return date, thus giving the plaintiff ample opportunity to be heard on the merits (*see Daramboukas v Samlidis,* 84 AD3d 719, 721 [2d Dept 2011]; *Matter of Jordan v City of New York*, 38 AD3d 336, 338 [1st Dept 2007]; *Della-Mura v White Plains Hosp. Med. Ctr*., 2022 NY Slip Op 31085[U], *3, 2022 NY Misc LEXIS 1697, *3-4 [Sup Ct, N.Y. County, Mar. 31, 2022] [Kelley, J.]). Thus, the Sloan Kettering defendants' "cross motion" may be considered as a properly noticed separate motion (*see Matter of Jordan v City of New York*, 38 AD3d at 338).

CPLR 3012-a(a) provides that,

> "In any action for medical, dental or podiatric malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the plaintiff, declaring that:
>
> "(1) the attorney has reviewed the facts of the case and has consulted with at least one physician in medical malpractice actions, at least one dentist in dental malpractice actions or at least one podiatrist in podiatric malpractice actions who is licensed to practice in this state or any other state and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the

**805264/2024 ALABURDA-SMITH, DONNA ET AL vs. SOUWEIDANE M.D., MARK M. ET AL** **Page 2 of 5**
**Motion No. 001**

2 of 5

particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action; or

"(2) the attorney was unable to obtain the consultation required by paragraph one of this subdivision because a limitation of time, established by article two of this chapter, would bar the action and that the certificate required by paragraph one of this subdivision could not reasonably be obtained before such time expired. If a certificate is executed pursuant to this subdivision, the certificate required by this section shall be filed within ninety days after service of the complaint; or

"(3) the attorney was unable to obtain the consultation required by paragraph one of this subdivision because the attorney had made three separate good faith attempts with three separate physicians, dentists or podiatrists, in accordance with the provisions of paragraph one of this subdivision to obtain such consultation and none of those contacted would agree to such a consultation."

The complaint filed by the plaintiff was not accompanied by a certificate of merit. On January 24, 2025, Souweidane served the plaintiffs with a demand that they serve and file the required certificate of merit within 20 days of the demand. On March 6, 2025, the Sloan Kettering defendants served a virtually identical demand. When the plaintiff failed to serve such a certificate, Souweidane and the Sloan Kettering defendants made the instant motions to dismiss the complaint.

The purpose behind CPLR 3012-a, as explained when the statute was enacted in 1986, was to deter the commencement of frivolous actions by counsel on behalf of their clients, and to thereby reduce the cost of medical malpractice litigation and medical malpractice insurance premiums (*see* Mem of St Exec Dept, 1985 McKinney's Session Laws of NY at 3022-3027; *Tewari v Tsoutsouras*, 75 NY2d 1, 6 [1989]; *Sisario v Amsterdam Mem. Hosp*., 159 AD2d 843, 844 [3d Dept 1990]). Nonetheless,

"CPLR 3012-a does not contain any language authorizing the dismissal of an action for the failure of the plaintiff's attorney to file a certificate of merit (*see Russo v Pennings*, 46 AD3d 795, 797 [2007]; *Grant v County of Nassau*, 28 AD3d 714 [2006]; *Dye v Leve*, 181 AD2d 89, 90 [1992]; *Casiano v New York Hospital-Cornell Med. Ctr*., 169 AD2d 806, 807 [1991]; *cf. Tewari v Tsoutsouras*, 75 NY2d at 11 [analogous to noncompliance with CPLR 3406 (a)]). The statute is unlike CPLR 3012(b), which expressly permits the dismissal of an action where a plaintiff fails to serve a complaint that has been duly demanded under that statute"

805264/2024   ALABURDA-SMITH, DONNA ET AL vs. SOUWEIDANE M.D., MARK M. ET AL          Page 3 of 5
Motion No.  001

(*Rabinovich v Maimonides Med. Ctr.*, 179 AD3d 88, 95-96 [2d Dept 2019]; *see Kolb v Strogh*, 158 AD2d 15, 16 [2d Dept 1990] ["A procedural default may be punished only by means which are specifically authorized by statute or by rule . . . and it is clear that neither statute nor rule authorizes dismissal of the action as a sanction for a violation of CPLR 3012-a."]).

Here, although the complaint was not accompanied by a certificate of merit, as required by CPLR 3012-a, and the plaintiffs failed to respond to the defendants' demands therefor, the dismissal of the complaint is not warranted. The proper remedy at this stage is to extend, until May 15, 2026---or slightly more than 60 days after the entry of this decision and order---the plaintiffs' time within which they must serve a certificate of merit upon the defendants (*see Rabinovich v Maimonides Med. Ctr.*, 179 AD3d at 95-96). Only if the plaintiffs are recalcitrant in complying with *this order* could the court, in its discretion, then consider whether dismissal of the complaint would be an appropriate sanction (*see id.*; *Schwartz v New York-Presbyterian Med. Ctr.,* 2025 NY Slip Op 32055[U], *10, 2025 NY Misc LEXIS 5458, *16 [Sup Ct, N.Y. County, Jun. 2, 2025] [Kelley, J.]; *Liang v Naturo-Medical Health Care, P.C.,* 2023 NY Slip Op 30567[U], *4-5, 2023 NY Misc LEXIS 808, *11 [Sup Ct, N.Y. County, Feb. 17, 2023]).

Accordingly, it is,

ORDERED that the motion of the defendant Mark M. Souweidane, M.D., is granted only to the extent that, on or before May 15, 2026, the plaintiffs shall serve and file the required certificate of merit or shall be subject to sanctions, upon further motion by that defendant, and that motion is otherwise denied; and it is further,

ORDERED that the separate motion of the defendants Viviane Tabar, M.D., David Mao, M.D., and Memorial Sloan Kettering Cancer Center, incorrectly denominated as a cross motion, is granted only to the extent that, on or before May 15, 2026, the plaintiffs shall serve and file the required certificate of merit or shall be subject to sanctions, upon further motion by those defendants, and that motion is otherwise denied.

**805264/2024   ALABURDA-SMITH, DONNA ET AL vs. SOUWEIDANE M.D., MARK M. ET AL**                **Page 4 of 5**
  **Motion No.  001**

4 of 5

This constitutes the Decision and Order of the court.

__3/12/2026__
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| MOTION: | | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION: | | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805264/2024   ALABURDA-SMITH, DONNA ET AL vs. SOUWEIDANE M.D., MARK M. ET AL**          **Page 5 of 5**
**Motion No.  001**